Counsel for the Industrial Commission state the question presented by the demurrer to the petition as follows:
"When notice is received by a claimant on April 30, 1942, of the disallowance of her claim filed with the Industrial Commission of Ohio, and the thirtieth day after the date of receipt of notice falls on Decoration or Memorial Day, May 30, 1942, and the offices of the Industrial Commission were closed both on May 30, 1942, and Sunday, May 31, 1942, was claimant's application *Page 400 
for rehearing, filed on June 1, 1942, within time as provided by Section 1465-90, General Code?"
The real question presented in this case, however, is not whether the filing of the claimant's application for rehearing on Monday, June 1, was within time, but it is rather whether the claimant can be afforded any relief by reason of the fact that her attempt to file such application for rehearing on the thirtieth day following the receipt of notice of the denial of her claim was thwarted by the action of the Industrial Commission itself in closing its offices that entire day.
It must be conceded that Section 8298, General Code, providing that "When the day or the last day for doing any act herein required or permitted to be done falls on Sunday, or on a holiday, the act may be done on the next succeeding secular or business day," as well as Section 8301, General Code, providing that certain days therein enumerated, which includes "The thirtieth day of May, known as Decoration or Memorial Day," are a part of the Negotiable Instruments Act and by express provision limited to the purposes of that act; while, by the provisions of Section 5977, General Code, Labor Day and Armistice Day are made legal holidays and, by the provisions of Sections 5976 and 5978, General Code, a portion of election day and each Saturday afternoon are made legal part holidays for all purposes.
However, under the provisions of Section 1465-90, General Code, a claimant for workmen's compensation, upon a denial by the Industrial Commission of her claim for an award, is accorded thirty days after receipt of such adverse finding within which to file an application for a rehearing of the claim. It was the right of the claimant in this case to have the full and complete period of thirty days thus provided for the filing of her application for a rehearing.
Although the Industrial Commission undoubtedly *Page 401 
acted in entire good faith in this matter, it is conceded that the effort and attempt of the claimant to file her application for a rehearing within the period of time allowed, though upon the thirtieth day thereof, was precluded by the action of the commission itself. The effect of the action of the commission in completely closing its offices for the entire day in question is the same, so far as the claimant is concerned, as if its offices had been open and the commission had peremptorily and arbitrarily refused to receive and file the application when tendered by the claimant. The action complained of would forever bar the claim of relatrix for compensation, and therefore constitutes the denial of a substantial right for which she should be afforded relief.
We deem it the legal duty of the Industrial Commission to receive and file the application for rehearing as of the date May 30, 1942. The demurrer to the petition is accordingly overruled and, the respondent not desiring to plead further, the writ is allowed.
Writ allowed.
WEYGANDT, C.J., HART, ZIMMERMAN, BELL and TURNER, JJ., concur.
WILLIAMS, J., not participating. *Page 402